**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **COMPOUND STOCK EARNINGS SEMINARS, INC.,** | § § § | |
| Plaintiff, | § § | |
| v. | § | CIVIL ACTION NO. _____ |
| | § § § § | |
| **MARK DANNENBERG,** | § § | |
| Defendant. | § | |

**COMPOUND STOCK EARNINGS SEMINARS, INC.'S ORIGINAL COMPLAINT AND
APPLICATION FOR PERMANENT INJUNCTIVE RELIEF**

COMES NOW, Compound Stock Earnings Seminars, Inc. ("CSE"), Plaintiff and Applicant herein, and files this its Original Complaint and Application for Permanent Injunctive Relief, complaining of Mark Dannenberg ("Dannenberg"), Defendant, and in support of same would show the Court as follows:

**I.
PARTIES**

1. Plaintiff, Compound Stock Earnings Seminars, Inc. ("CSE") is a Texas corporation with its principal place of business located in Tarrant County, Texas.

2. Defendant, Mark Dannenberg is an individual who may be served at 1215 Rolling Hills Court, Livermore, California 94551 or wherever he may be found.

## II.

## JURISDICTION, VENUE AND CONDITIONS PRECEDENT

3. This action is brought under the federal Copyright Act of 1976, as amended, 17 U.S.C.A. §§ 101 et seq. This court has jurisdiction pursuant to Section 1338(a) of the Judicial Code (28 U.S.C.A. § 1338(a)). Venue is conferred by Section 1400(a) of the Judicial Code (28 U.S.C.A. § 1400(a)).

4. The Court has original jurisdiction over CSE's claims of copyright infringement pursuant to 28 U.S.C. § 1338, and supplemental jurisdiction over CSE's related state law claims.

5. The Court has jurisdiction over Defendant Dannenberg because he has purposefully availed himself of the benefits and protections of the State of Texas by attending CSE's seminars in Texas, receiving CSE's copyrighted material in Texas, and teaching CSE's seminars in Texas.

6. Venue is proper in this Court because one or more of the claims and disputes between the parties arose in Dallas County, Texas, CSE's copyrights have been infringed on, among other places, Dallas County, Texas, and Defendant Dannenberg teaches seminars for Plaintiff CSE in Dallas County, Texas.

7. All conditions precedent to the institution of this suit and CSE's recovery have been performed, satisfied or have occurred.

## III.
## BACKGROUND FACTS

8. CSE has developed, and currently markets, innovative securities trading technology. CSE has developed and refined unique trading strategies over the past several years. A

    true and correct copy of the Affidavit of Aaron Zalewski is attached hereto as Exhibit "A' and incorporated herein by reference.

9. Throughout CSE's existence, it has written and copyrighted original material published as manuals and on CSE's website, www.compoundstockearnings.com and through its seminars. See ¶ 4 of Exhibit A, Zalewski Affidavit. CSE utilizes this material in marketing CSE's services to potential investors. See ¶ 4 of Exhibit A, Zalewski Affidavit.

10. In 2009, CSE's principals and agents wrote and copyrighted an original work titled "Credit Spread Seminar Manual." A true and correct copy of the copyright certificate is attached hereto as Exhibit "B" and incorporated herein by reference. In 2009 and 2010 respectively, CSE's principals and agents wrote and copyrighted an original work titled "Compound Stock Earnings Weekly Credit Spread Manual." A true and correct copy of the copyright certificate is attached hereto as Exhibit "C" and incorporated herein by reference.

11. In an email, on October 28, 2010 Defendant Dannenberg asserted that the strategies and materials related to both the Credit Spread Seminar Manual and the Compound Stock Earnings Weekly Credit Spread Manual were his intellectual property. A true and correct copy of the October 28, 2010 email from Defendant Dannenberg is attached hereto as Exhibit "D" and incorporated herein by reference. See also ¶ 6 of Exhibit A, Zalewski Affidavit. Defendant Dannenberg demanded that CSE "buy the intellectual property rights from" him, although the copyright is owned by CSE. See Exhibit D, 10/28/10 Email; ¶ 6 of Exhibit A, Zalewski Affidavit; Exhibit B; Exhibit C. Defendant Dannenberg thereafter threatened that if he did not receive $240,000.00 for his alleged

intellectual property rights he would "not allow CSE to continue to use the Credit Spread Strategies, either weekly or monthly." See Exhibit D, 10/28/10 Email.

### IV.

### CSE'S CAUSES OF ACTION

#### a. Copyright Infringement

12. CSE incorporates the preceding paragraphs fully by reference herein.

13. CSE, who then was and ever since has been a corporate citizen of the United States, created, wrote, published, and compiled Compound Stock Earnings Weekly Credit Spread Manual and Credit Spread Seminar Manual (herein "Manuals"). See ¶ 7 of Exhibit A, Zalewski Affidavit; Exhibit B; and Exhibit C. CSE's above-referenced Manuals contain a substantial amount of material created by CSE's own skill, labor and judgment, and is copyrightable subject matter under the laws of the United States. See ¶ 7 of Exhibit A, Zalewski Affidavit; Exhibit B; and Exhibit C.

14. Compound Stock Earnings Weekly Credit Spread Manual and Credit Spread Seminar Manual constitutes original works as that term is defined in 17 U.S.C. § 101, *et seq.*, wholly original with CSE, and is copyrightable subject matter under the law of the United States.

15. For the Credit Spread Seminar Manual, CSE complied in all respects with the United States Copyright Act of 1976 and all other laws governing copyright, by applying for copyright registration on March 5, 2009, making the required deposit, and receiving from the Register of Copyrights a Certificate of Registration, No. TX 6-965-507, dated March 5, 2009. See Exhibit B. Publication was made with notice in strict and full compliance with the federal Copyright Act of 1976. For the Compound Stock Earnings Weekly

Credit Spread Manual, CSE complied in all respects with the United States Copyright Act of 1976 and all other laws governing copyright, by applying for copyright registration on March 3, 2010, making the required deposit, and receiving from the Register of Copyrights a Certificate of Registration, No. TXu 1-676-400, dated March 3, 2010. See Exhibit C. Publication was made with notice in strict and full compliance with the federal Copyright Act of 1976.

16. CSE has been and still is the sole proprietor of all rights, title, and interest in and to the copyright in the Compound Stock Earnings Weekly Credit Spread Manual and Credit Spread Seminar Manual. See ¶ 7 of Exhibit A, Zalewski Affidavit; Exhibit B; and Exhibit C.

17. Defendant Dannenberg infringed said copyright by demanding payment for said rights and by asserting he owned the intellectual property rights of both the Credit Spread Seminar Manual and the Compound Stock Earnings Weekly Credit Spread Manual. See Exhibit D, 10/28/10 Email.

18. Defendant Dannenberg entered into a Consultant Agreement (herein "The Agreement") in August of 2006 with CSE for the purposes of working with CSE personnel in developing and presenting investment strategies that would be the property of CSE. See ¶ 9 of Exhibit A, Zalewski Affidavit. The Agreement contained a Covenant for Defendant Dannenberg not to compete with CSE and stated, in part:

> During the term of this Agreement and for a period of ten (10) years after this Agreement is terminated, Consultant agrees to not, directly or indirectly, either as an employee, employer, consultant, agent, principal, partner, stockholder, corporate officer, director, or in any other individual

or representative capacity, engage or participate in any business that is in competition in any manner whatsoever with the business of CSES. Such competition would include, but not be limited to, investment education, seminars, subscriptions, book writing or publishing, or any other organized attempt to educate any individual in the process of investing in any publicly traded security. Furthermore, on the termination of this Agreement, the Consultant expressly agrees not to engage or participate, directly or indirectly, in any business located within the United States that is in competition with the business of CSE for a period of ten (10) years. (herein the "Covenant")

19. The purpose of this Covenant was to protect business goodwill, trade secrets, intellectual property, and confidential information belonging to CSE. See ¶ 10 of Exhibit A, Zalewski Affidavit. The limitations set out in the Covenant as to time, geographical area, and scope of activity to be restrained are reasonable and do not impose a greater restraint than is necessary to protect CSE's business goodwill, trade secrets, and confidential information.

20. CSE terminated its Agreement with Defendant Dannenberg for cause on November 2, 2010 and has notified Defendant Dannenberg that he has infringed the copyright of CSE, and Defendant Dannenberg has continued to infringe the copyright. A true and correct copy of the November 2, 2010 demand letter is attached hereto as Exhibit "E" and incorporated herein by reference.

21. There is a substantial likelihood that Plaintiff CSE will succeed on the merits of this action.

### b. Petition for Declaratory Judgment

22. Pursuant to the Declaratory Judgments Act, Chapter 37 of the Texas Civil Practice and Remedies Code, Plaintiff CSE requests that the Court declare the following:

    a. Defendant Dannenberg has no intellectual property rights in the Compound Stock Earnings Weekly Credit Spread Manual;

    b. Defendant Dannenberg has no intellectual property rights in the Credit Spread Seminar Manual;

    c. CSE does not owe Defendant Dannenberg any amount for any work copyrighted in the name of CSE.

## V.
## DAMAGES

23. CSE incorporates the preceding paragraphs as if fully recited herein.

24. As a direct and proximate result of all of the several acts or omissions, individually or taken in concert with others, and as described hereinabove, CSE has suffered actual damages in an amount to be determined by the trier of fact, and for which claim is made against Defendant Dannenberg. CSE is further entitled to recover from Defendant Dannenberg the gains, profits, and advantages he has obtained as a result of his wrongful acts as hereinabove alleged. CSE at present is unable to ascertain the full extent of these gains, profits and advantages Defendant Dannenberg has obtained by reason of his acts of copyright infringement to engage in such acts and thus requests an accounting from Defendant Dannenberg so that CSE may determine the extent to which CSE has been harmed. CSE is further entitled to recover its attorneys' fees for the bringing of this action under the Copyright Act of 1976.

## VI.
## APPLICATION FOR PERMANENT INJUNCTION

25. CSE hereby incorporates by reference all of the allegations previously contained in this Petition as if fully set out herein.

26. Unless enjoined by this Court, Defendant Dannenberg will continue to wrongfully use, infringe upon and otherwise profit from CSE's copyrighted materials. As a direct and proximate result of the acts of the Defendant Dannenberg alleged above, CSE believes that it has already suffered irreparable damage. CSE has no adequate remedy at law to redress all of the injuries Defendant Dannenberg has caused and intends to cause by his conduct. CSE will continue to suffer irreparable damage to sustain lost profits unless and until this Court enjoins the Defendant Dannenberg's actions alleged above.

27. Accordingly, CSE seeks a permanent injunction enjoining Defendant Dannenberg, individually and his agents, servants, employees, and all other persons in active concert or privity or in participation with him from directly or indirectly infringing CSE's copyright(s) or continuing to use, market, offer, sell, dispose of, license, lease, transfer, display, advertise, reproduce, develop, use or publish any works derived or copied from CSE's copyrighted material, including but not limited to CSE's copyrighted manuals Compound Stock Earnings Weekly Credit Spread Manual and Credit Spread Seminar Manual, or to participate in any such activity.

28. CSE is entitled to an order from this Court enforcing the Covenant between the parties wherein Defendant Dannenberg agreed not to engage or participate, directly or indirectly, in any business located within the United States that is in competition with the business of CSES for a period of ten (10) years.

## VII.
## ATTORNEYS' FEES

29. CSE herein seeks the collection and payment of attorneys' fees as provided pursuant to 17 U.S.C. § 505. CSE would show that the attorneys' fees incurred in the preparation and presentation of these matters for the preservation and protection of CSE's copyrighted material, for the adjudication of rights, for issuance of injunctive relief, for obtaining damages by reason of breach thereof, and for such other remedies as pled herein, were necessary and proper and that the attorneys' fees incurred were for said purposes. Said attorneys' fees are reasonable, necessary, and proper in this jurisdiction. CSE has obligated itself for the payment of said reasonable attorneys' fees which shall be proved at the time of trial, and for which award is requested of the trier of fact on behalf of CSE and against Defendant Dannenberg.

30. CSE is also otherwise entitled to attorneys' fees, in accordance with its contract with Defendant Dannenberg and in accordance with the laws of the State of Texas.

## VIII.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, CSE prays that:

1. Defendant Dannenberg be cited to appear and answer herein as required by law; and provided with all notices as required by law;

2. The Court issue a permanent injunction enjoining Defendant Dannenberg individually and his agents, servants, employees, and all other persons in active concert or privity or in participation with him from directly or indirectly infringing CSE's copyright(s) or continuing to use, market, offer, sell, dispose of, license, lease, transfer, display, advertise, reproduce, develop, use or publish any works derived or copied from

       CSE's copyrighted material, including but not limited to CSE's copyrighted manuals Compound Stock Earnings Weekly Credit Spread Manual and Credit Spread Seminar Manual, or to participate in any such activity;

3. The Court issue a permanent injunction enjoining Defendant Dannenberg from engaging or participating, directly or indirectly, in any business located within the United States that is in competition with the business of CSE for a period of ten (10) years;

4. Additionally, that Defendant Dannenberg be ordered to deliver for the destruction of all originals, copies, facsimiles, or duplicates of any work shown by the evidence to infringe any CSE copyright, including all electronic copies of such work;

5. CSE be awarded such actual damages as a direct and proximate result of the acts or omissions of Defendant Dannenberg, as plead herein, and within the jurisdictional limits of this Court;

6. For an accounting of Defendant Dannenberg's profits from any works containing the infringing Manuals, to be awarded to CSE;

7. That CSE be awarded all gains, profits, and advantages derived by Defendant Dannenberg's from their acts of infringement and other violations of law;

8. That judgment be entered for CSE and against Defendant Dannenberg, for enhancement of the damages awarded to the fullest extent permitted by law;

9. That CSE be awarded punitive, enhanced and exemplary damages against Defendant Dannenberg;

10. That CSE have judgment against Defendant Dannenberg for its costs and attorney's fees

11. That CSE be awarded pre-judgment and post-judgment interest thereon at the highest rate per annum allowed by law as plead for herein; and

12. For such other and further relief, both general and special, at law or in equity, to which CSE may be justly entitled.

        Respectfully submitted,

        DARRELL W. COOK & ASSOCIATES,
        A PROFESSIONAL CORPORATION


        */s/ Kelly E. Bryan*
        DARRELL W. COOK
        State Bar No. 00787279
        CATHERINE A. KEITH
        State Bar No.24046193
        KELLY E. BRYAN
        State Bar No. 00786408
        One Meadows Building
        5006 Greenville Ave., Suite 200
        Dallas, Texas 75206
        (214) 368-4686 – Telephone
        (214) 363-9979 – Facsimile

        **ATTORNEYS FOR COMPOUND STOCK EARNINGS SEMINARS, INC.**